UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:
**William Bradley Stewart**                                    Case No. 09-10320-8-JRL
Social Security No: xxx-xx-5230
Address: 2066 Bill Avery Road Coats, NC 27521

**Debtor,**

MOTION FOR SUMMARY JUDGMENT

NOW COMES the attorney for the debtor(s) in the above-captioned case, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure, and further pursuant to E.D.N.C. LBR 9014-1(f), and hereby moves the court to enter an Order in favor of the Law Offices of John T. Orcutt, P.C. (hereinafter "the Orcutt firm") on the issue of the amount of the attorney fee which the Orcutt firm will be allowed in this case. In support of this motion, undersigned shows unto the court the following:

1. The above-referenced debtor(s) filed a Voluntary Petition under chapter 13 of the United States Bankruptcy Code, and John F. Logan is the duly appointed and acting chapter 13 Trustee.

2. In connection with this case, the Orcutt firm has requested a fee in the amount of $2,500.00.

3. Pursuant to the *Administrative Guide to Practice and Procedure,* Rule 2016-1(a)(1), Eastern District of North Carolina, the "presumptive" standard base fee payable to debtors' attorneys in chapter 13 cases filed on or after April 1, 2006 is $3,000.00.

4. The fee requested by the Orcutt firm in connection with this case does not exceed the amount of the "presumptive" standard base fee.

5. The Trustee has filed his Minutes of 341 Meeting and Motion for Confirmation of Plan (hereinafter "Motion for Confirmation") in this case, wherein he proposes that the Orcutt firm's fee be reduced to only $1,200.00, which is only 40 percent of the amount of the standard base fee.

6. Although E.D.N.C. LBR 2016-1(a)(1) provides that the chapter 13 Trustee may recommend a fee which is lower than the standard base fee, 11 U.S.C. § 1321 provides that

"[t]he **debtor** shall file a plan." (*Emphasis added*). While the practice in this District is for the Chapter 13 Trustee to prepare and file a "Motion for Confirmation", such motion should contain the terms of the plan *as proposed by the debtor*, including the requested attorneys' fee (as is pertinent in the instant case) as proposed by the debtor. The Chapter 13 Trustee may then object to such terms and provisions as he finds objectionable, including the requested attorney's fee, but to allow the Trustee to file a Motion for Confirmation with terms and/or conditions which are substantially different from those proposed impermissibly shifts the burden to the debtor of objecting to his/her own plan.

7. Additionally, inasmuch as E.D.N.C. LBR 2016-1(a)(1) allows the Trustee to recommend a fee lower than the standard base fee only "in appropriate cases," such Rule clearly contemplates that the Trustee should be required to state a basis for his recommendation, and to establish why the standard base fee should not apply in each particular case in which he recommends a fee lower than requested. Furthermore, to the extent that the Trustee recommends a fee which is lower both than the amount requested by the Orcutt firm and the standard base fee, his recommendation should be treated as an objection to the amount of the fee requested.

8. E.D.N.C. LBR 9014-1(f) provides that "[a]ll responses shall contain sufficient information to reasonably disclose the basis for the party's position and what specific issues are contested. If a response is not in compliance with this provision, the court in its discretion may resolve the matter without a hearing."

8. In the Motion for Confirmation, the only explanation offered by the Trustee for recommending a fee lower than the standard base fee is "Attorney fee only case, i.e., Chapter 7 fees."

9. A case filed under Chapter 13 of the Bankruptcy Code is not identical to a case filed under Chapter 7 of the Code. Furthermore, even if it were, there is no standard "Chapter 7 fee" in this district, but rather chapter 7 fees vary according to the complexities of the case. The Trustee's response to the Orcutt firm's request for attorney's fees in this case neither gives any explanation as to why "Chapter 7 fees" would be appropriate in this particular case, nor gives any indication as to how he determined $1,200.00 to be appropriate in this particular case. Instead, he appears to have employed a "blanket approach," recommending $1,200 in any "attorney fee only" case. Accordingly, the Trustee's response does not comply with E.D.N.C. LBR 9014-1(f).

10. In addition, or in the alternative, without a more detailed explanation of the basis for the Trustee's recommendation, together with a detailed explanation of the exact criteria he is applying in drawing the conclusion that a dramatically lower attorney fee should be allowed, it is impossible for the Orcutt firm to prepare a full and complete defense to such recommendation without engaging in considerable speculation. Therefore, allowing this matter to proceed based on the Trustee's cryptic "basis" for his recommendation unreasonably shifts to the Orcutt firm the burden of providing why it should be compensated at the presumptively reasonable standard base rate, when in fact the Code and Rules establish that the initial burdens of both explanation and proof lie with the Trustee, who must show why the presumptive base rate should not be applicable in this particular case.

   WHEREFORE, undersigned prays the court to enter an Order allowing the Orcutt firm's fee in this matter in the amount it requested, in accordance with Rule 56(b) of the Federal Rules of Civil Procedure and/or E.D.N.C. LBR 9014-1(f).  In the alternative, undersigned moves the court, pursuant to 11 U.S.C. § 105(a), to treat this Motion for Summary Judgment as a Motion for More Definite Statement, and to enter an Order requiring the Trustee to state with specificity both why he believes the standard base fee to be inappropriate in this chapter 13 case, and further to state the criteria he used to arrive at the determination that a fee of $1,200 is appropriate.

  Date: February 16, 2010

                /s John T. Orcutt
                John T. Orcutt
                Attorney
                6616-203 Six Forks Road
                Raleigh, NC 27615
                919-847-9750

## CERTIFICATE OF SERVICE

I, Charlene Free, of the Law Offices of John T. Orcutt, P.C., certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age, and that on February 16, 2010, I served copies of the **Motion For Summary Judgment** by automatic electronic noticing upon the following Trustee:

John F. Logan
Chapter 13 Trustee


    /s Charlene Free
Charlene Free

continue.wpt (rev. 7/2/05)